EL PUEBLO, DEMANDANTE Y APELADO, *v.* SOTO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por alterar la paz.

No. 1431.—Resuelto en diciembre 16, 1919.

ALTERACIÓN DE LA PAZ—PRUEBA INSUFICIENTE.—Cuando la denuncia imputa una alteración de la paz de una persona o personas determinadas, si de la prueba no aparece que tales personas estaban presentes al realizarse los hechos que dieron origen a la denuncia, comete error la corte al declarar culpable de alteración de la paz al acusado aun cuando los actos realizados por él y no imputados en la denuncia constituyesen el delito de alterar la paz.

ID.—EVIDENCIA INADMISIBLE.—Cuando no se ha imputado al acusado el delito de haber pronunciado frases obscenas o lenguaje indecoroso o grosero al alcance del oído de mujeres y niños, comete error la corte que permite el preguntar a los testigos si estaban presentes mujeres y niños en el sitio de los sucesos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Buenaventura Esteves.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La denuncia formulada en este caso imputaba a Simeón Soto la comisión de un delito de alterar la paz pública porque desde una tribuna pública y en presencia del público que le escuchaba, amenazó a Valentín Núñez, *alias* Pinche, o a sus familiares que pudieran estar presentes, tratándolo

de sin vergüenza, que es un epíteto ofensivo y vulgar, vertiendo amenazas de atentado a la vida contra el citado Pinche y las personas que se decidiesen a trabajar en contra de los principios de la huelga que el orador trataba de sustentar.

No aparece de la prueba que Núñez estuviera presente. En verdad, lo contrario puede inferirse fácilmente. Deducimos de la prueba que ni Núñez ni ningún otro rompe-huelga estaba presente, y, por tanto, que no fué alterada la paz de ninguno de ellos. Tal vez el público estuvo perturbado. Hubo alguna incitación a violar la ley en la forma de las palabras. Sin embargo, cualquiera que fuera la interpretación lógica que diéramos a la denuncia, si algo significaba, en ella se alegaba una alteración de la paz de Valentín Núñez o sus familiares y no existe absolutamente ninguna prueba de tal alteración de la paz. El haber declarado culpable al acusado del cargo que le imputó la denuncia constituyó un error.

También se cometió error al permitirse preguntar a los testigos si allí estaban presentes mujeres y niños, pues al acusado no se le imputó el delito de haber pronunciado frases obcenas o lenguaje grosero e indecoroso al alcance del oído de mujeres y niños, que es el delito especial previsto en el artículo 368 del Código Penal.

Además, no parece que la misma policía creyera que en realidad de verdad él había cometido un delito, puesto que ellos lo toleraron después de interrumpirle y únicamente le advirtieron que no continuara. Parece que se pensó en el arresto después de lo ocurrido. No hubo nada que demuestre que el lenguaje usado produjo realmente una alteración de la paz, aunque hubiera podido interpretarse en tal sentido con una denuncia algo diferente y quizás con ligeros hechos adicionales.

Debe revocarse la sentencia y absolverse al acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.